UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ADAM T. BAALS, JR.,<br><br>Debtor. | Case No. 21-13750 (JNP)<br><br>Chapter 7 |
| BRENDA LEE VARELLI, KYLE A. BRADFORD, LYLE J. BRADFORD, AND ESTATE OF JANET E. BRADFORD,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM T. BAALS, JR.,<br><br>Defendant. | Adv. Pro. No. 21-1272<br><br>Judge: Jerrold N. Poslusny, Jr. |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Brenda Lee Varelli, Kyle and Lyle Bradford and the estate of Janet Bradford (collectively "Plaintiffs"), filed a motion for summary judgment (the "Motion") related to the second amended complaint (the "Complaint"), seeking to have the judgment debt owed to them by Adam Baals, Jr. ("Debtor"), declared non-dischargeable under section 523(a)(2)(A); (B); and (a)(4) of Title 11 of the United States Code (the "Code"). Because the Court finds Plaintiffs are entitled to judgment under section 523(a)(2)(A), the Motion will be granted.

### Jurisdiction

This Court has jurisdiction under 28 U.S.C. §§ 157(b)(1) and 1334(b) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012,

referring all bankruptcy cases to the bankruptcy court. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

## **Background**

Plaintiffs filed a complaint against the Debtor (the "State Court Case"), in the Superior Court of New Jersey Law Division, Gloucester County (the "State Court"), alleging Debtor had defrauded Janet Bradford and her beneficiaries. Dkt. No. 13. Debtor filed an answer which the State Court dismissed twice, the second time with prejudice, due to Debtor's failure to comply with discovery. Dkt. No. 13-4, 13-5. The State Court then denied Debtor's motion to vacate default. Dkt. No. 13-6. Following a nine-day jury trial at which Debtor attended and testified, Plaintiffs obtained a judgment (the "Judgment") in the amount of $1,066,590.28 against Debtor for fraud, consumer fraud, and breach of fiduciary duty by a preponderance and clear and convincing evidence. Dkt. No. 13, 21. The Judgment consists of the trebled damages plus pre-judgment interest, and counsel fees and costs. Dkt. No. 21.

Debtor then filed bankruptcy on May 5, 2021 (the "Petition Date"). Plaintiffs timely filed the initial complaint. Dkt. No. 1. After having summary judgment denied on their initial and amended complaints, Plaintiffs filed this Complaint, seeking a judgment that the debt is non-dischargeable pursuant to section 523(a)(2)(A), (B) and (a)(4). Dkt. No. 21. Debtor filed an answer. Dkt. No. 27. Plaintiffs then filed this Motion. Dkt. No. 34.

At a hearing held on November 1, 2022, the Court stated it could not grant summary judgment at the time due to several issues (the "Previous Decision"). Dkt. No. 40. Initially, the Previous Decision noted that there was no evidence in the documents or argument for a finding of liability under section 523(a)(2)(B). Regarding the remaining claims, the Court noted that it could not determine whether collateral estoppel applied in this case, because Plaintiffs failed to identify any evidence that the jury in the State Court Case had rendered a decision on each element of the

claims before the Court. Id. The Court adjourned the matter to allow the parties time to submit additional filings on this issue, as well as to further brief the issue of whether collateral estoppel would apply where default judgment was entered against Debtor. Id. Plaintiffs filed a supplemental brief, attaching the charge and instructions the State Court gave to the jury (the "Jury Instructions"). Dkt. No. 40.

Although Debtor's attorney had filed the initial response to the Motion, he withdrew from the case on November 29, 2022, and did not file a response to Plaintiffs' supplemental brief. Dkt. No. 41. As a result, Debtor filed a response as a self-represented party, which argued that the case did not satisfy the requirements for collateral estoppel, to which Plaintiffs filed a reply. Dkt. Nos. 43, 44. Debtor then requested an adjournment of the hearing, seeking additional time to retrieve unspecified "documents" from his former attorney, to which Plaintiffs objected. Dkt. No. 45. Although Debtor had already filed a response to the supplemental brief, and the deadline to file further responses had already passed, the Court approved the adjournment request over Plaintiffs' objection, with the caveat that the case would be marked "no further adjournments." Debtor and Plaintiffs both filed additional pleadings on January 31, 2023. Dkt. Nos. 46 and 47. Plaintiffs' brief argues that the Seventh Amendment bars this Court from reconsidering whether Debtor committed legal fraud because a decision had previously been rendered by a jury. Dkt. No. 46. Debtor reiterated his argument that collateral estoppel should not apply and alleged facts related to the State Court Case. Dkt. No. 47. The final hearing was held on February 7, 2023 (the "Hearing"), at which both parties appeared.

## Discussion

### Summary Judgment

Under Federal Rule of Civil Procedure ("Rule") 56(a), made applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7056, summary judgment is appropriate where "the

3

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Third Circuit Court of Appeals explained:

> Summary judgment is appropriate when the moving party is entitled to judgment as a matter of law and there is no genuine dispute of material fact. . . . In order to defeat "a properly supported summary judgment motion, the party opposing it must present sufficient evidence for a reasonable jury to find in its favor." Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52, (1986)). In essence, the non-moving party must demonstrate a dispute over facts that might affect the outcome of the suit. Id. Moreover, in reviewing the record, we must give the non-moving party the benefit of all reasonable inferences . . . .

Hampton v. Borough of Tinton Falls Police Dep't, 98 F.3d 107, 112 (3d Cir. 1996). "In deciding a motion for summary judgment, the judge's function is not to weigh the evidence and determine the truth of the matter, but rather to determine if there is a genuine issue for trial." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. In re Moran-Hernandez, 2016 WL 423705, at *2-3 (Bankr. D.N.J. Feb. 2, 2016) (citing Anderson, 477 U.S. at 249). A material fact is one that "might affect the outcome of the suit under the governing law." Id. "A dispute is genuine when it is 'triable,' that is, when reasonable minds could disagree on the result. Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The Motion argues that there are no material facts in dispute because the State Court has already considered and determined the issues of whether Debtor committed fraud as defined under section 523(a)(2)(A), (B) and (a)(4) of the Code, and therefore collateral estoppel bars this Court from relitigating the issue. If collateral estoppel applies, the Court cannot consider any underlying facts previously determined by the State Court, and therefore cannot consider any of the facts

4

alleged by Debtor in his papers or at the Hearing. As such, the Court must determine whether it is appropriate to apply collateral estoppel in this case.

## Collateral Estoppel[1]

The principle of collateral estoppel, which prohibits the relitigating of issues that have been adjudicated in a prior lawsuit, applies in discharge proceedings in bankruptcy courts. In re Azeglio, 422 B.R. 490, 493–94 (Bankr. D.N.J. 2010) (citing Grogan v. Garner, 498 U.S. at 284–85 n.11). Under 28 U.S.C. § 1738 a federal court must refer to the preclusion law of the state in which the judgment was entered, in this case, New Jersey. In re Chung-Hwan Kim, 2018 WL 671467, *34 (Bankr. D.N.J. Jan. 31, 2018). Under New Jersey law, collateral estoppel may be used to estop a claim when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding;
> (2) the issue was actually litigated in the prior proceeding;
> (3) the court in the prior proceeding issued a final judgment on the merits;
> (4) the determination of the issue was essential to the prior judgment; and
> (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Azeglio, 422 B.R. at 494 (citing In re Estate of Dawson, 136 N.J. 1, 20, (1994)) (citations omitted).

### *Identical Issue*

As noted, the Previous Decision did not grant summary judgment because the Court was unable to determine whether the jury in the State Court had considered each element of the claims

---

[1] Plaintiffs' argue that the Seventh Amendment bars this Court from considering whether the State Court Judgment is nondischargeable. This argument is misplaced. The Supreme Court has previously ruled that bankruptcy courts have exclusive jurisdiction to determine the dischargeability of the debts described in sections 523(a)(2), (4), and (6) of the Bankruptcy Code. Grogan v. Garner, 498 U.S. 279, 284 n.10 (1991). Therefore, "res judicata cannot form the basis for a decision of nondischargeability." In re Eagleston, 236 B.R. 183, 187 (Bankr. D. Md. 1999) (citing Brown v. Felsen, 442 U.S. 127 (1979)). The State Court Judgment gives the Plaintiffs a claim that may not be subject to challenge, but that does not render the judgment nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code.

under section 523(a)(2)(A), (B) and (a)(4) in making its determination. Plaintiffs submitted additional documents from the State Court Case, including the Jury Instructions, which precisely spell out the issues the jury considered in rendering the Judgment. As such, it is necessary to compare the Jury Instructions to the elements of section 523(a)(2)(A) of the Code sections to determine if collateral estoppel applies.

The elements of section 523(a)(2)(A) must be established by a preponderance of the evidence. Grogan v. Garner, 498 U.S. at 291. The elements that must be proven for fraud under section 523(a)(2)(A) are:

> (1) the debtor obtained money, property or services through a material misrepresentation;
> (2) the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth;
> (3) the debtor intended to deceive the creditor;
> (4) the creditor [justifiably] relied on the debtor's false representations; and
> (5) the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations.

In re Karpo, 2011 WL 3034486, at *6 (Bankr. D.N.J. July 22, 2001) (citing De La Cruz v. Cohen (In re Cohen), 191 B.R. 599, 604 (D.N.J. 1996), aff'd, 106 F.3d 52 (3d Cir. 1997), aff'd, 523 U.S. 213 (1998) (internal citations omitted)). The terms "false pretenses," "false representation," and "actual fraud" are not explicitly defined in the Code; nevertheless, the Supreme Court has dictated that "'[t]hey are common-law terms, and . . . imply elements that the common law has defined them to include.'" In re Sevastakis, 591 B.R. 197, 201 (Bankr. D.N.J. 2018) (quoting Field v. Mans, 516 U.S. 59, 69 (1995)). Further, the elements for "actual fraud" under section 523(a)(2)(A) are the same elements as common law fraud. Id. (citing Mans, 516 U.S. at 68-72).

Under New Jersey law, the elements of common law fraud are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the

6

other person; and (5) resulting damages." Allstate New Jersey Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172–73 (2005) (internal quotation marks omitted)); G.M. v. R.M., 2018 WL 672284, at *5 (N.J. Super. Ct. App. Div. Feb. 2, 2018). Therefore, in a 523(a)(2)(A) action, it is appropriate to apply collateral estoppel to a judgment on the merits finding liability for common law fraud from a New Jersey state court action. See In re Bashlow Realty Co. v. Zakai, 2010 WL 1529568 (Bankr. D.N.J. Apr. 14, 2010).

Here, the Jury Instructions specify that the jury considered a charge of common law fraud. The jury was instructed:

> The Plaintiffs must demonstrate by clear and convincing evidence; one, a material misrepresentation of a presently existing or past fact; two, defendant's knowledge or belief of its falsity; three, an intention that plaintiff relied on it; four, reasonable reliance thereon by, in this case, Janet Bradford, and resulting damage.

Dkt. No. 40. These instructions mirror the requirements to establish a nondischargeability action under section 523(a)(2)(A). The jury considered each element necessary and found Debtor liable by clear and convincing evidence, a higher threshold than is required for a finding of non-dischargeability under section 523(a)(2)(A). Therefore, the Court finds that the issues determined by the Judgement were identical to those at issue in the 523(a)(2)(A) action before this court.

*Actually Litigated and Judgment on the Merits*

"[F]ederal and New Jersey state common law regarding the principles and application of collateral estoppel (or issue preclusion) are substantively similar if not identical." Chung-Hwan Kim, 2018 WL 671467, at *34. Like federal law, New Jersey courts generally do not apply collateral estoppel in the case of a default judgment because such judgments are not 'actually litigated.' Azeglio, 422 B.R. at 494 (citing In re Hawkins, 231 B.R. 222, 231 (D.N.J.1999); Restatement (Second) of Judgments § 27 cmt. e.; Slowinski v. Valley National Bank, 264 N.J. Super. 172, 183 (App. Div.1993)).

7

There are two exceptions to this general rule. The first is where the defendant against whom a party seeks to enforce collateral estoppel substantially participated in the preceding litigation, and the second is where the default was entered as a result of that party's bad faith conduct in the preceding litigation. Azeglio, 422 B.R. at 495; see also In re Docteroff, 133 F.3d 210, 215 (3d Cir. 1997); Chung-Hwan Kim, 2018 WL 671467, at *33. What is crucial is that the party in the initial action had the opportunity to fully and actively participate in the actual trial. See id.

In Docteroff, the Third Circuit was faced with the issue of whether to apply collateral estoppel to a default judgment entered against a defendant in a fraud action as a sanction because the defendant had "repeatedly and in bad faith refused to submit to properly noticed depositions or respond to numerous legitimate requests for the production of documents despite court orders and warnings." Docteroff, 133 F.3d at 212-13. As a sanction for the defendants' willful and improper conduct, "pursuant to Federal Rule of Civil Procedure 37(d), the district court entered default judgment against him on the issue of liability and scheduled trial on damages." Id. at 214. The Court stated:

> This is not a typical default judgment where a defendant neglects or elects not to participate in any manner because of the inconvenience of the forum . . . the expense . . . or some other reason. Instead, the defendant had, for several months . . . participated extensively in the lawsuit. He filed an answer, noticed [opposing party's] deposition, engaged . . . lawyers . . . filed papers with the court, and corresponded with opposing counsel.

Id. at 215.

The Third Circuit found that collateral estoppel should be applied to a nondischargeability action under these circumstances, noting that the defendant "had every opportunity to fully and fairly litigate any relevant issue in the district court . . . [but] simply elected not to comply with court orders." Id. The court further stated "[w]e do not hesitate in holding that a party . . . who deliberately prevents resolution of a lawsuit, should be deemed to have actually litigated an issue

for purposes of collateral estoppel application." Id. "To hold otherwise would encourage behavior similar to [defendants] and give litigants who abuse the processes and dignity of the court an undeserved second bite at the apple." Id. In contrast, the court in Azeglio found that collateral estoppel should not be applied in a case where the party had filed an answer, but whose attorney had withdrawn during the pre-trial phase, and as a result the defendant had not been notified of the trial date and did not participate in the trial phase at all. 422 B.R. at 493.

Debtor here argues that the State Court striking his answer was the equivalent of default judgment, preventing Debtor from fully participating in trial, and that collateral estoppel should not be applied in these circumstances. However, a review of the filings from the State Court Case show that Debtor attended and actively participated in the trial, and that his answer was stricken as a sanction only after Debtor repeatedly refused to comply with the State Court Orders and discovery requests. See Dkt. No. 13. Therefore, this case is factually similar to Docteroff, in that default was entered as a sanction for Debtor's bad faith conduct during the State Court Case. Moreover, Debtor was an active participant in the State Court Case up through Judgment. As such, the Court finds that the actually litigated and judgment on the merits elements are satisfied in these circumstances.

*Remaining Elements*

Regarding the remaining elements, there is no dispute that Debtor was a party to the State Court Case, that the Judgment is final, or that each element determined by the jury was essential to the Judgment. Therefore, collateral estoppel applies to this action and summary judgment is granted on the 523(a)(2)(A) action. The entire Judgment is a non-dischargeable debt. Cohen v. de la Cruz, 523 U.S. 213, 222 (1998) (finding that, under New Jersey law, the "debt" for fraudulently obtained funds includes treble damages and attorney's fees and costs, is nondischargeable in bankruptcy).

9

## Conclusion

Collateral estoppel applies to a jury finding of common law fraud under New Jersey law, barring relitigating a claim under section 523(a)(2)(A). In this case, the Jury Instructions required the jury in the State Court Case to make a finding as to each element of 523(a)(2)(a) in order to find Debtor liable, and so collateral estoppel applies to the Judgment. Further, the Court finds that collateral estoppel may be applied to a default judgment, where a defendant actively participated throughout the case, but whose answer was stricken as a sanction for bad faith conduct. As such, the Motion is granted as to the claim section 523(a)(2)(A), and the Judgment is deemed nondischargeable. Because the Court grants judgment under section 523(a)(2)(A), it is not necessary to consider the claims under section 523(a)(2)(B) or (a)(4) because they are moot.

Dated: February 8, 2023

_____
JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE